Filed 8/6/14  P. v. Mulkey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074046 |
| v. | (Super. Ct. No. CRF1212) |
| SAMSON AARON MULKEY, | |
| Defendant and Appellant. | |

Defendant Samson Aaron Mulkey pleaded no contest to voluntary manslaughter. The trial court placed defendant on probation and, among other things, imposed a $240 restitution fine.  After defendant subsequently admitted violating probation, the trial court sentenced him to six years in prison and, as is relevant to this appeal, continued the previously imposed $240 restitution fine.

1

Defendant now contends (1) the trial court abused its discretion and violated ex post facto principles by imposing the $240 restitution fine, because the minimum restitution fine at the time of defendant's crime was $200; and (2) if his first contention is forfeited, he received ineffective assistance of counsel. Finding no merit to defendant's contentions, we will affirm the judgment.

## BACKGROUND

On December 31, 2011, defendant (who was 16 years old at the time) and others aided and abetted Marcus Hume in fatally shooting Steven Moore. Defendant pleaded no contest to voluntary manslaughter. (Pen. Code, § 192, subd. (a).)[1]

The trial court suspended imposition of sentence and placed defendant on probation for five years with various terms and conditions, including that defendant abstain from alcohol and that he pay a $240 restitution fine (§ 1202.4, subd. (b)(1)) and a $240 probation revocation fine (§ 1202.44).

Defendant subsequently admitted violating probation. The trial court declined to reinstate probation and sentenced defendant to the middle term of six years for the voluntary manslaughter conviction. In addition, the trial court continued the $240 restitution fine previously imposed pursuant to section 1202.4, subdivision (b)(1), lifted the stay on the previously imposed $240 probation revocation fine pursuant to section 1202.44, and imposed a $240 parole revocation fine pursuant to section 1202.45.

## DISCUSSION

### I

Defendant contends the trial court abused its discretion and violated ex post facto principles by imposing the $240 restitution fine, because the minimum restitution fine at the time of defendant's crime was $200.

---

[1] Undesignated statutory references are to the Penal Code.

On December 31, 2011, the date when defendant committed the offense, section 1202.4, subdivision (b)(1) authorized a restitution fine ranging from $200 to $10,000. Effective January 1, 2012, however, the minimum restitution fine under section 1202.4, subdivision (b)(1) increased from $200 to $240.[2]

Defendant claims that although the $240 restitution fine was within the authorized range at the time he committed the crime, nothing in the record indicates that the trial court intended to impose anything other than the minimum, which at the time of his offense was $200. He argues that imposition of the $240 fine was an abuse of discretion because it was not an informed exercise of discretion.

It is defendant's burden on appeal, however, to show that the trial court intended to impose the minimum restitution fine; we will not presume such an intention from a silent record. (See *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 ["[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion."].)

Defendant's contention lacks merit because he has not met his burden on appeal.

II

Defendant next claims that if his first contention is forfeited, he received ineffective assistance of counsel. We decided defendant's first contention on the merits,

---

[2] In relevant part, section 1202.4, subdivision (b)(1), as amended in 2011, provided: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014 . . . ." (See Stats. 2011, ch. 358, § 1.)

concluding he failed in his appellate burden.  In any event, defendant's claim of ineffective assistance fails because he has not established prejudice on this limited record.

DISPOSITION

The judgment is affirmed.


                                                               MAURO            , J.


We concur:


            RAYE            , P. J.


            BUTZ            , J.


4